STATE OF LOUISIANA                    NO. 21-K-23

VERSUS                                FIFTH CIRCUIT

KEVIN HOLLINGER                       COURT OF APPEAL

CORRIE WALLACE                        STATE OF LOUISIANA

_____
March 16, 2021

_____
Susan Buchholz
First Deputy Clerk

IN RE STATE OF LOUISIANA

APPLYING FOR  SUPERVISORY WRIT FROM THE FORTIETH JUDICIAL DISTRICT COURT, PARISH OF ST JOHN THE BAPTIST, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE MADELINE JASMINE, DIVISION "A", NUMBER 20,125

Panel composed of Judges Susan M. Chehardy,
Marc E. Johnson, and Robert A. Chaisson

**WRIT GRANTED; JUDGMENTS VACATED**

Relator, the State of Louisiana, seeks review of the district court's judgments that prohibited the State from consumptively testing its evidence unless a defense expert is permitted to observe and photographically record the DNA testing process.

Defendant, Corrie Wallace, was charged by grand jury indictment with second degree murder, second degree kidnapping, and obstruction of justice.  In the same indictment, defendant, Kevin Hollinger, was charged as a principal to second degree murder and second degree kidnapping, as well as obstruction of justice.

In connection with this case, the State filed a "Notice of Intention to Consume Evidence Through Testing," indicating that certain contact swabs collected into evidence could potentially be consumed through testing.  In

21-K-23

response, each defendant filed a "Motion to Allow Defense Expert to Observe Testing of Physical Evidence." On May 29, 2020, in an *ex parte* order, the district court granted defendants' motions and prohibited the State from conducting any consumptive testing of the physical evidence "unless and until the defense has adequate time to retain an independent expert to observe such testing." The district court further ordered that "the expert retained by the defense be permitted to attend and observe testing including DNA analysis by the state." The State thereafter filed a writ application in this Court seeking review of the district court's rulings.

On June 26, 2020, this Court granted the State's writ application for the limited purpose of vacating the district court's May 29, 2020 orders and remanding the matter with instructions to the district court to hold a contradictory hearing on defendants' motions. In so ruling, this Court noted, "Because the issue of allowing defense experts to observe forensic testing by the State is *res novo*, and there is nothing in the discovery articles that addresses respondents' particular pre-trial motions or otherwise permits their request as a matter of right, we find that judicial fairness dictates that a contradictory hearing and an opportunity to present evidence be held prior to ruling on the motions." *See State v. Wallace and Hollinger*, 20-184 (La. App. 5 Cir. 6/26/20). *See also State v. Hollinger and Wallace*, 20-196 (La. App. 5 Cir. 6/26/20) (unpublished writ dispositions).

Pursuant to this Court's remand, the district court conducted hearings on October 6 and November 12, 2020. After considering the testimony presented and the arguments of counsel, the district court, on December 29, 2020, granted the defendants' motions and ordered that "the defense's expert be permitted to physically attend and photographically record the DNA testing process." It further ordered that "no evidence be consumed for DNA analysis without court order and until defense has had an opportunity to photographically record." The State now seeks review of these judgments.

In its writ application, the State contends that the district court lacked the authority to prohibit the State from consumptively testing its evidence unless a defense expert is permitted to attend and photographically record the DNA testing process. The State contends that the Louisiana Code of Criminal Procedure neither requires nor authorizes such a protocol beyond the limits of the discovery articles; that the defendants' remedy is to conduct its own DNA testing pursuant to La. C.Cr.P. art. 718, not to watch the State conduct its testing; and that the defendants' concerns regarding the lab's protocols and the possible mislabeling of samples and other human error can be properly addressed through cross-examination.

In response, defendants assert that the district court did not abuse its discretion in granting their motions. Defendants point out that the District Attorney has not cited any law that the district judge erroneously applied or any evidence that was erroneously assessed, and therefore, this Court should defer to the district court's determination. Defendants assert that since the State intends to destroy and/or consume the evidence, they will not be able to independently test the evidence, and therefore, in order to protect their rights, they should be afforded the lesser right of observing the testing. Defendants further assert that providing them with some of the liquid DNA extract for testing is insufficient to protect their rights because "there is no way of knowing from analyzing the raw data or analyzing the remaining liquid extract whether or not proper protocols were followed" in the screening and extraction steps of the DNA testing process. Defendants request that this Court, in the event it finds the district court erred in allowing the defense expert to observe the DNA testing, fashion alternative relief requiring that the first two stages of the testing are videotaped and photographed.

Having reviewed the State's writ application and the exhibits attached thereto, including the transcripts from the hearings, defendants' opposition, the *amicus curiae* brief, and the applicable law and jurisprudence, we find that the

3

district court abused its discretion in allowing the defense's expert to physically attend and photographically record the DNA process and in prohibiting the State from consumptively testing its evidence until the defense has had an opportunity to photographically record. Our determination is limited to the particular circumstances of this case and is based on the following considerations.[1]

First, we have found no requirement in Louisiana law or jurisprudence that experts be present during DNA testing or that the DNA procedures be photographed or videotaped. In fact, the testimony at the hearings reflected that the crime lab policy does not allow for the presence of independent experts during testing. Ms. Erica Sparacino, the DNA manager for the Louisiana State Police Crime Lab, and Mr. Paul Berry, the DNA technical leader for the Louisiana State Police Crime Lab and an expert in DNA analysis, testified that the lab's policy does not allow outside experts to observe testing and analysis due to concerns regarding liability, security, potential for contamination, property damage, and other case work having to be "shut down." Mr. Berry also testified that if the court ordered that the DNA could not be tested without an outside expert, then the lab would refer the State to a private lab.

Second, at the end of the hearing, the State agreed not to consume the bulk evidence and the second swab from the sexual assault kit. Further, there was evidence at the hearing that defendants would have access to some liquid DNA extract for testing. Mr. Berry specifically testified that when they extract DNA, in a normal case, there are thirty-three microliters left over for DNA testing by the defense, noting that they had sent out DNA extract for testing in the past. Ms. Sparacino testified that if they had liquid left over, which they usually did, they

---

[1] In *State v. Dewey and McQuarter*, 16-68 (La. App. 5 Cir. 3/2/16) (unpublished writ disposition), this Court found no abuse of discretion in the district court's denial of the State's motion to rescind the district court's order allowing the presence of a defense expert at the State testing of the evidence. That case is clearly distinguishable as the District Attorney specifically agreed to the order that allowed for the presence of a defense expert at the testing of the evidence.

could decide not to do any additional testing, and defense counsel would be able to get a DNA profile.

Third, with regard to defendants' concern over mislabeling and human error in the first two steps of the DNA process, we note that the testimony at the hearings set forth the safeguards and procedures the lab has in place to prevent such problems. Further, defendants have the ability to challenge the testing procedures by cross-examining the appropriate State's witnesses on this matter.

Accordingly, we grant the State's writ application and vacate the district court's judgments that prohibited the State from consumptively testing its evidence unless a defense expert is permitted to observe and photographically record the DNA testing process.

Gretna, Louisiana, this 16th day of March, 2021.

**RAC**
**SMC**
**MEJ**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

NANCY F. VEGA
CHIEF DEPUTY CLERK

SUSAN BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN
TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS
DAY **03/16/2021** TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF
THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY
COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**21-K-23**

### E-NOTIFIED

40th District Court (Clerk)
Honorable Madeline Jasmine (DISTRICT JUDGE)
Honorable Vercell Fiffie (DISTRICT JUDGE)
Justin B. LaCour (Relator)

Honorable Bridget A. Dinvaut (Relator)
Lisa M. Parker (Respondent)
Jarrett P. Ambeau (Respondent)
Fontella F. Baker (Respondent)
Randy J. Dukes (Respondent)

### MAILED

Edward K. Alexander, Jr. (Respondent)
Attorney at Law
Post Office Drawer 3757
Lake Charles, LA 70602